UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUCHUN LAFRE GOODWIN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STATE FARM GENERAL INSURANCE COMPANY, LAURA SHELBY, DAVID PELIGRINO,<br><br>　　　　Defendants. | Case No. 1:23-cv-00165-HBK<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT<br><br>May 22, 2023, DEADLINE |

　　　　Plaintiff, Duchin Lafre Goodwin ("Goodwin"), who is proceeding pro se and *in forma pauperis* initiated this action on February 2, 2023, by filing a form "Complaint for a Civil Case." (Doc. No. 1, "Complaint").  Plaintiff's Complaint is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.　　Screening Requirement**

　　　　Because Plaintiff is proceeding *in form pauperis*, the Court may dismiss a case "at any time" if the Court determines, *inter alia*, the action is frivolous or malicious, fails to state claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C § 1915(e)(2)(B)(ii) -(iii); *see also Lopez v. Smith*, 203 F. 3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all litigants proceeding *in form pauperis*).  A complaint, however, should not be dismissed unless it appears beyond doubt that the plaintiff can

prove no set of facts in support of his or her claim that would entitle him to relief. *Johnson v. Knowles,* 113 F.3d 1114, 1117 (9th Cir.), *cert. denied,* 552 U.S. 996 (1997). A complaint must include a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152 F. 3d 1193, 1194 (9th Cir. 1998). As such, a complaint must contain sufficient factual matter to state a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. At this stage, the court accepts the facts stated in the complaint as true. *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740 (1976). The Court does not accept as true allegations that are merely conclusory, unreasonable inferences, or unwarranted deductions. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Nor are legal conclusions considered facts. *Iqbal*, 556 U.S. at 678.

Due to Plaintiff's pro se status, the Court must liberally construe the Complaint in the light most favorable to the Plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). If a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). However, it is not the role of the Court to advise a litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.

**II.     Summary of Complaint**

In addition to naming Goodwin as Plaintiff, the Complaint identifies Philip Call as a Plaintiff. (Doc. No. 1 at 2).[1] Notably, Plaintiff Goodwin only signed the Complaint. (*Id*. at 6). The Complaint names the following Defendants: (1) Poonam Kalsi, Claims Specialist; (2) Laura

---

[1] The Court refers to the CMECF page numbers of the Complaint. In this case, the CMECF page numbers correspond to the same page numbers on the Complaint.

Selby, Claims Team Manager; and (3) David Peligrino, Claims Adjuster. (*Id*. at 2-3). Under the "Basis of Jurisdiction" section of the Complaint, Plaintiff checks neither of the boxes which enable a plaintiff to choose either "federal question" or "diversity" jurisdiction. (*Id*. at 3). When requested to list the "Basis for Jurisdiction" if a jurisdiction is predicated upon a "Federal Question," Plaintiff states: "Sections 102 and 103 of the Civil Rights Act of 1991." (*Id*. at 4). When requested to list the "Basis for Jurisdiction" if jurisdiction is predicated upon "Diversity," Plaintiff indicates he is a citizen of the State of Californian and identifies Defendant State Farm General Insurance Company as a citizen of California but does not list the citizenship of any other Defendants. (*Id*. at 4-5).

Under the "Statement of Claim" section, Plaintiff writes:

> Intentional discrimination. Breach of contract, malice with intent to cause harm and that time was an [sic] state emergency pandemic, when I was victim of a hate crime and state farm continued with insurance agent negligence to consumer safety.

(*Id*. at 5). As relief, Plaintiff seeks "above" $75,000 for pain and suffering and breach of contract, as well as punitive damages. (*Id*. at 5-6).

**III.    Analysis**

At the outset, the Complaint is not signed by Philip Call. As a pro se litigant, Plaintiff may not prosecute a case on behalf of another individual. A litigant in federal court has a right to act as his own counsel. *See* 28 U.S.C. § 1654. However, a pro se litigant does not have authority to represent anyone other than themselves. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney may not attempt to pursue claim on behalf of others in a representative capacity). Thus, Plaintiff may not prosecute this case on behalf of anyone other than himself.

Next, as an initial matter, "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). A federal court is presumed to lack subject matter jurisdiction, and a plaintiff bears the burden of establishing that subject matter jurisdiction is proper. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). If a federal court lacks subject matter

3

jurisdiction, the action must be dismissed. Fed. R. Civ. P. 12(h)(3).

Liberally construed, Plaintiff asserts his claims are based both on a federal question and diversity of citizenship. Although Plaintiff does not identify a specific federal question upon which this case is based, he lists "Sections 102 and 103 of the Civil Rights Act of 1991." The Civil Rights Act of 1991 provides for protection against discrimination and harassment in the workplace. *See* Civil Rights Act of 1991, Pub.L. No. 102–166; § 102, 105 Stat. 1071 (U.S.C.S., Adv. Legis. Serv., Lawyers, Coop. Pub. Co.). Section 102 of the Civil Rights Act of 1991 allows a plaintiff bringing a charge of intentional discrimination, made unlawful under the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e–2, or 2000e–3), to recover compensatory and punitive damages. *Id*. Section 103, which amended 41 U.S.C. § 1988, allows for recovery of attorney fees in certain intentional discrimination cases. *Id*.

Nonetheless, the Complaint contains no facts pertaining to any named Defendant. Nor does the Complaint describe any action by any Defendant that amounts to a violation of Plaintiff's federal rights under the Civil Rights Act of 1991. Other than identifying the Defendants under the list of Defendants, no individual Defendant is named anywhere in the Complaint. Further, the Complaint contains only vague and conclusory statements alleging "intentional discrimination" and implying a potential breach of contract. As currently pled, the Complaint does not contain enough factual details to permit the Court to draw the reasonable inference that any named Defendant is liable for any misconduct to sustain a federal violation under the Civil Rights Act of 1991. *Iqbal*, 556 U.S. at 678. For these reasons, Plaintiff's Complaint does not comply with the requirements of Rule 8(a)(2).

Additionally, it appears that Plaintiff predicates this action on diversity, i.e., where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). However, diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants. *See Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). While the Complaint asserts the

amount in controversy is more than $75,000, Plaintiff state both he and Defendant State Farm are citizens of California.[2] (Doc. No. 1 at 4-5). Thus, on the Complaint's face, it appears the Court would lack diversity jurisdiction.

### IV. Conclusion and Options

To continue the prosecution of this action, Plaintiff must take one of the following three options on or before May 22, 2023. **First Option**: Because the Court cannot determine that the filing of an amended complaint cannot cure the deficiencies identified above, the Court will afford Plaintiff an opportunity to file an amended complaint if he chooses. Fed. R. Civ. P. 15(a)(2); Lopez *v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). An amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be free-standing and complete. *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*); E.D. Cal. Local Rule 220. Each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should title "First Amended Complaint," include the above case number, and be an original signed and dated under penalty of perjury. Plaintiff may not change the nature of this suit or adding unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). **Second Option**: Plaintiff may file a Notice stating he intends to stand on his current complaint subject to the undersigned recommending the district court dismiss for the reasons stated in this Order. **Third Option**: Because no defendant has yet been served, Plaintiff may file a Notice of Voluntarily Dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1). Alternatively, if Plaintiff fails to timely respond to this Court Order, *i.e.*, fails to perform any of the three options, the undersigned will instead recommend that the district court dismiss this case as a sanction for Plaintiff's failure to comply with a court order and for failing to prosecute this action.

////

////

---

[2] *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (It is well settled that a corporation is a citizen of "(1) the state where its principal place of business is located, *and* (2) the state in which it is incorporated." (Citing 28 U.S.C. § 1332(c)(1)).

Accordingly, it is **ORDERED**:

1. **On or before May 22, 2023**, Plaintiff shall take one of the following actions: (a) file a First Amended Complaint; (b); file a Notice that he intends to stand on the Complaint as screened subject to the undersigned recommending the district court to dismiss certain claims and Defendants for the reasons stated in this Order; (c) file a Notice to voluntarily dismiss this action without prejudice under Fed. R. Civ. P. 41.

2. If Plaintiff fails to timely comply with this Court Order or seek an extension of time to comply, the Court will recommend the district court dismiss this action for Plaintiff's failure to comply with this Court Order and prosecute this action.

3. The Clerk of Court shall include a blank non-prisoner civil rights complaint form for Plaintiff's use as appropriate.

Dated:     April 20, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE