UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUCHUN LAFRE GOODWIN,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM GENERAL INSURANCE COMPANY, LAURA SELBY, POONAM KALSI, and DAVID PELIGRINO,<br><br>Defendants. | Case No. 1:23-cv-00165-HBK<br><br>ORDER TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS CASE AND CLOSE THIS ACTION[1]<br><br>(Doc. No. 5)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

Plaintiff, Duchun Lafre Goodwin ("Plaintiff" or "Goodwin"), is proceeding pro se and *in forma pauperis* in this civil action. For the reasons set forth below, the undersigned recommends that the district court dismiss and close this case.

**SCREENING REQUIREMENT**

Because Plaintiff is proceeding *in form pauperis*, the Court may dismiss a case "at any time" if a court determines, *inter alia*, the action is frivolous or malicious, fails to state claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C § 1915(e)(2)(B)(ii) -(iii); *see also Lopez v. Smith*, 203 F. 3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all litigants proceeding *in forma pauperis*). A

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

complaint, however, should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him to relief. *Johnson v. Knowles,* 113 F.3d 1114, 1117 (9th Cir. 1997), *cert. denied,* 552 U.S. 996 (1997). A complaint must include a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152 F. 3d 1193, 1194 (9th Cir. 1998). As such, a complaint must contain sufficient factual matter to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. At this stage, the court accepts the facts stated in the complaint as true. *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740 (1976). A court does not accept as true allegations that are merely conclusory, unreasonable inferences, or unwarranted deductions. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Nor are legal conclusions considered facts. *Iqbal*, 556 U.S. at 678.

Due to a plaintiff's pro se status, a court must liberally construe the operative complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). If a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez*, 203 F.3d at 1127-29; *Lucas v. Department of Corr*., 66 F.3d 245, 248 (9th Cir. 1995). However, it is not the role of a court to advise a litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.

**BACKGROUND AND SUMMARY OF OPERATIVE PLEADING**

On February 2, 2023, Plaintiff initiated this action by filing a form "Complaint for a Civil Case." (Doc. No. 1, "Complaint"). The Complaint named the following as Defendants: State Farm General Insurance Company; Laura Selby, Team Manager; Poonam Kalsi, Claims Specialist; and David Peligrino; Claims Adjuster. (*Id*. at 1-3). On April 20, 2023, the Court screened Plaintiff's Complaint and found that it violated Rule 8 of the Federal Rules of Civil

1  Procedure because it did not contain sufficient factual detail for the Court to draw a reasonable
2  inference that any named Defendant was liable. (*Id*. at 3-4).  While the basis for the Court's
3  jurisdiction was unclear from the face of the Complaint, the Court liberally construed the
4  Complaint and inferred Plaintiff was predicating the action on diversity jurisdiction against
5  Defendant State Farm and as well as federal question. (*Id*. at 3-5).  However, even after liberally
6  construing the Complaint as alleging a federal claim by making a passing reference to the Civil
7  Rights Act of 1991,[2] the Complaint did not identify a specific federal question upon which the
8  Complaint was based nor did the Complaint provide any factual allegations in support of any
9  claim. (*Id*. at 4).  Further, because the Complaint asserted both Plaintiff and Defendant State
10 Farm were citizens of California,[3] the Complaint facially failed to allege diversity jurisdiction.
11 (*Id*.).  Plaintiff was given twenty-one (21) days to file an amended complaint. (*Id*. at 5-6).
12       On May 24, 2023, Plaintiff filed a purported "Amended Complaint for a Civil Case."
13 (Doc. No. 5).  Plaintiff placed the above case number on the amended complaint and checked the
14 box requesting a jury trial, but the pleading otherwise contains no other pages.  The cover sheet
15 identifies no parties in the caption and contains additional pages setting forth any factual
16 allegations or identifying any claims are included. (*Id*.).  The cover sheet is unsigned and
17 undated. (*Id*.).

## APPLICABLE LAW AND ANALYSIS

19      As an initial matter, the purported amended complaint, in addition to being wholly
20 deficient, is unsigned.  As more fully set forth herein, the Court finds it would be futile to strike
21 the unsigned, undated amended complaint and provide Plaintiff with another opportunity to refile
22 it. Fed. R. Civ. P. 11(a).

---

[2] "The Civil Rights Act of 1991 (the '1991 Act') was enacted to restore civil rights limited by then-recent Supreme Court decisions and to 'strengthen existing protections and remedies available under federal civil rights laws to provide more effective deterrence and adequate compensation for victims of discrimination.'" *E.E.O.C. v. Luce, Forward, Hamilton & Scripps*, 345 F.3d 742, 747 (9th Cir. 2003) (citations omitted).

[3] The initial Complaint did not specify the citizenship of the other Defendants under the section pertaining to diversity jurisdiction but, under the section for the names and addresses of defendants, did list an address in Georgia for Defendant Kalsi and in Arizona for Defendants Selby and Peligrino. (*See* Doc. No. 1 at 2-4).

**Lack of Federal Jurisdiction**

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).  A federal court is presumed to lack subject matter jurisdiction, and a plaintiff bears the burden of establishing that subject matter jurisdiction is proper. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  A federal court is obligated to inquire into whether it has subject matter jurisdiction and required to dismiss the action if jurisdiction is lacking. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3).  Further, 28 U.S.C. § 1915(d) empowers the district court to dismiss an in *forma pauperis* action that is "frivolous or malicious." *Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987).  A "claim is 'frivolous within the meaning of section 1915(d) in that the court lacks subject matter jurisdiction.'" *Castillo v. Marshall*, 107 F.3d 15, *1 (9th Cir. 1997) (unpublished opinion) (brackets omitted) (quoting *Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987); citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

The purported amended complaint is devoid of any parties or facts that would permit the Court to find it has jurisdiction.  Instead, the purported amended complaint comprises only one page, does not identify any defendants, the basis of any claim, or provide any statement of facts in support of any claim.  Plaintiff presumably filed the amended complaint in response to the Court's April 20, 2023, Screening Order. (*See* Doc. No. 4 at 4-5).  Plaintiff also was advised that his Complaint failed to establish that this Court had jurisdiction. (*Id.*).  Despite being provided guidance on how to cure the deficiencies of his Complaint, Plaintiff made no attempt to do so and instead filed a facially deficient amended complaint curing none of the issues identified by the Court in its April 20, 2023, Screening Order.

**Failure to Comply with Rule 8**

The Federal Rules of Civil Procedure require only that the complaint contain a "short and plain statement of the claim showing the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Rule 8 states that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Even though the complaint is only required to contain a short and plain statement, the complaint

1 still must be facially plausible to survive screening, which requires sufficient factual detail to
2 allow the court to reasonably infer that each named defendant is liable for the misconduct alleged.
3 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th
4 Cir. 2009). A complaint may violate Rule 8 when it "says too little." *Knapp v. Hogan*, 738 F.3d
5 1106, 1109 (9th Cir. 2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although
6 detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of
7 action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations
8 omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart*
9 *Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

10       The amended complaint is completely devoid of any facts and fails to state any cognizable
11 claim. (*See generally* Doc. Nos. 1, 5). The April 20, 2023, Screening Order advised Plaintiff that
12 his Complaint did not contain sufficient factual detail for the Court to draw a reasonable inference
13 that any of the named Defendants were liable for any misconduct. (Doc. No. 4 at 4:12-21).
14 Despite being advised that his amended complaint must contain more factual detail, Plaintiff
15 elected to file an amended complaint that contains no factual allegations. Even if the district
16 court struck the amended complaint and deemed the Complaint the operative pleading, it also
17 falls woefully short of stating a cognizable claim, does not allege sufficient facts, and cannot
18 possibly place any defendant on fair notice. *See Iqbal*, 556 U.S. at 678; *Bell Atlantic v. Twombly*,
19 550 U.S. 544, 555 (2007); *see also McIntosh v. City of L.A.*, 2005 U.S. Dist. LEXIST 53641, at
20 *5 (C.D. Cal. Jul 21, 2005 (citing *McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996)
21 (ruling that plaintiff's complaint did not provide any dates or sufficient facts which would make it
22 "difficult for defendants to frame an answer[.]"); *Walker v. Muniz*, 2019 WL 2359229, at *4
23 (N.D. Cal. Jun 4, 2019) (explaining plaintiff needed to state specific dates in complaint to provide
24 defendants with fair notice). Thus, both the Complaint and purported amended complaint violate
25 Rule 8 of the Federal Rules of Civil Procedure. *See Knapp*, 738 F.32 1109; *see also* Fed. R. Civ.
26 P. 8.
27     ////
28     ////

1     **Frivolous**

2     The court must dismiss if the court determines at any time that the case is frivolous or

3 malicious. 28 U.S.C. § 1915(e)(2)(B)(i). "[A] complaint…is frivolous where it lacks an arguable

4 basis either in law or in fact." *Neitzke v. Williams*, 490 U/S. 319, 325 (1989); *see also Franklin v.*

5 *Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984) (when discussing frivolity, the Ninth Circuit

6 found that "an IFP action must have arguable substance in law and fact."). A blank complaint is

7 without basis in law or fact. *Chen v. Human Rights Comm'n*, 2019 WL 5430682, at *2 (W.D.

8 Wash. Sept. 9, 2019) (dismissing Plaintiff's complaint because it was blank and the only named

9 defendant was immune pursuant to the Eleventh Amendment.).

10     Here, like in *Chen*, there are no factual contentions in Plaintiff's purported amended

11 complaint, thus there is no arguable basis in law or fact. See *Chen*, 2019 WL 5430682, at *2.

12 The Court instructed Plaintiff in the April 20, 2023, Screening Order that his amended complaint

13 must contain sufficient facts showing that he is entitled to relief. (Doc. No. 4 at 1-2). Further,

14 Plaintiff was warned that each claim and each defendant's involvement must be sufficiently

15 alleged in his amended complaint. (*Id*. at 5:12-13). Despite the Court's guidance, Plaintiff filed a

16 blank amended complaint that does not identify any parties nor allege any facts. Thus, it fails to

17 establish an arguable basis in law or fact and is facially frivolous.

18                            **FINDINGS AND RECOMMENDATIONS**

19     Based on the above, the undersigned finds Plaintiff's purported amended complaint is

20 wholly deficient and frivolous. Even if the district court considers the initial Complaint, it

21 likewise fails to state a claim against any defendant and invoke this Court's subject matter

22 jurisdiction. Plaintiff was afforded an opportunity to cure the deficiencies in his initial

23 Complaint. (*See* Doc. No. 4). Despite the Court's guidance, Plaintiff elected to file a blank

24 amended complaint and without attempting to cure any of the deficiencies identified by the

25 Screening Order. Because any further leave to amend would be futile, the undersigned

26 recommends that the district court dismiss this action without granting Plaintiff further leave to

27 amend. *McKinney v. Baca*, 250 F. App'x 781 (9th Cir. 2007) *citing Ferdik v. Bonzelet,* 963 F.2d

28 1258, 1261 (9th Cir. 1992) (noting discretion to deny leave to amend is particularly broad where

court has afforded plaintiff one or more opportunities to amend his complaint).

Accordingly, it is **ORDERED**:

The Clerk of Court shall randomly assign this case to a district judge for consideration of these Findings and Recommendation.

Accordingly, it is **RECOMMENDED**:

This action be DISMISSED, all motions to be terminated as moot,[4] and the case closed.

### NOTICE

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days of the date of service** of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff's failure to file objections within the specified time may result in waiver of her rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   June 6, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[4] On May 30, 2023, after filing the amended complaint, Plaintiff filed a motion seeking to consolidate the seven cases he currently has pending in this Court, for issuance of subpoenas, and access to the Federal Court's law library.  (Doc. No. 6).